**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JENNIFER DAVENPORT, ATTORNEY GENERAL OF NEW JERSEY,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Civil Action No. 2:26-cv-09814 (JXN) (JBC)<br><br>**DECLARATION OF NOORULAMIN PATEL IN SUPPORT OF DEFENDANTS' MOTION TO SEAL MATERIALS**<br><br>Filed Electronically |

I, Noorulamin (Noor) Patel, of full legal age, state as follows:

**I. Background and Basis of Knowledge**

1. I am Vice President of Worldwide DSP at Amazon.com Services, LLC. I submit this declaration on personal knowledge in support of the motion of defendants Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Logistics, Inc. (collectively, "Amazon") to seal discrete portions of the Complaint (ECF No. 1) pursuant to L. Civ. R. 5.3(c). If called as a witness, I could and would testify competently to the matters set forth below.

2. In my role, I am responsible for overseeing Amazon's DSP program, including among other things, oversight of the compensation and rate-setting methodologies applied to Delivery Service Partners ("DSPs"), and the benchmarking analyses Amazon performs to ensure that the DSP program competes effectively with other employers. I also oversee Amazon's DSP Program in New Jersey and New York. I have held this position since November 2023 and have been employed by Amazon since October 2014. In the ordinary course of my duties, I have direct access to and regularly work with the categories of information described below.

3. I have reviewed the Complaint filed by Plaintiff on August 4, 2026 (ECF No. 1), including the four passages that are the subject of this motion. I have also reviewed the Appendix prepared in accordance with L. Civ. R. 5.3(c)(3), a true and correct copy of which is annexed hereto as Exhibit A. The statements in the Appendix are true to the best of my knowledge, information, and belief.

4. This declaration is submitted pursuant to L. Civ. R. 5.3(c)(3) and L. Civ. R. 7.2(a).

**II. The Materials at Issue**

5. Amazon does not seek to seal the Complaint as a whole. Amazon seeks only to maintain a narrow subset of the redactions that Plaintiff already applied to four passages of the publicly-filed Complaint, specifically: (a) the redacted portion of Paragraph 76, beginning after the second sentence and continuing through the end of that paragraph (Compl. at 22; PageID 25); (b) the redacted numerical figures in Paragraphs 126 and 127 (Compl. at 35–36; PageID 38–39); (c) the redacted portion of Paragraph 141, beginning after the first sentence and continuing through the end of that paragraph (Compl. at 39; PageID 42); and (d) the redacted material in Paragraph 143 in its entirety (Compl. at 40; PageID 43). Each passage is identified page by page in the Appendix.

6. The material in these four passages falls into four categories, each of which is confidential, competitively sensitive, and not publicly available:

(a) **Competitive benchmarking methodology and pay modeling.** Amazon conducts compensation benchmarking exercises to ensure that it is paying DSPs enough for the DSPs to hire and retain a stable workforce. The redacted material in Paragraphs 76, 141, and 143 describes Amazon's internal processes for benchmarking the

compensation and terms available to DSP drivers against other employment alternatives, and the specific pay-modeling analyses Amazon performs in connection with that process. This material reflects the inputs Amazon selects, the weight it assigns to them, and the manner in which it translates those inputs into rates and terms.

(b) **The identity of specific comparator firms and geographies.** The redacted material in Paragraphs 141 and 143 further identifies certain particular firms Amazon treats as comparators in that benchmarking analysis, and the particular geographies in which Amazon conducts it.

(c) **Details of a not launched program.** The redacted material in Paragraph 76 further describes a new program that Amazon was exploring and that has not been publicly announced or launched.

(d) **Delivery station counts.** The redacted material in Paragraphs 126 and 127 reflects the number of Amazon delivery stations located in a defined geographic area.

7. Amazon obtained and maintains each category of this information as confidential business information. It is not published, is not disclosed to competitors, customers, DSPs broadly, or the public, and is available internally only to employees with a business need to know. Amazon employs specific safeguards to protect this information, such as email and database access controls, confidentiality notices or obligations, and confidentiality agreements. The underlying documents from which this material is drawn were produced to the Office of the Attorney General during its pre-suit investigation subject to the confidentiality protections promised by the Office in its Subpoena, as well as a confidentiality agreement executed between Amazon and the Office, and were designated confidential at the time of production.

8. To my knowledge, none of the redacted material in the format contained in the Complaint has ever been disclosed publicly by Amazon or by any other person. Amazon does not publicly report the number of delivery stations it operates in particular geographies, and it does not publicly describe the benchmarking or pay-modeling methodology reflected in the redacted passages. The existence of the new program has been disclosed only to a small number of DSPs who participated in a pilot program, but the specific benchmarking figures were not disclosed.

**III. Amazon's Legitimate Private Interest Warranting Sealing**

9. Amazon has a legitimate private interest in preventing its competitors from obtaining non-public, competitively sensitive commercial information concerning how it benchmarks compensation and terms for the DSP program and how its delivery network is configured.

10. The redacted material reflects internal analyses and statistics Amazon prepared for its own business purposes, not statements Amazon made to the public. Amazon should not lose the confidentiality of that material by operation of Plaintiff's decision to use it in a public complaint.

**IV. The Clearly Defined and Serious Injury That Would Result From Disclosure**

11. Public disclosure of the benchmarking methodology and pay-modeling material in Paragraphs 76, 141, and 143 would cause Amazon clearly defined and serious injury. Amazon competes for the services of DSPs with other e-commerce companies, parcel carriers, and last-mile delivery providers, and must create a program that supports DSPs' competition for delivery labor with a wide variety of employers. Those competitors would learn which comparators and inputs Amazon weighs, and how it converts them into actionable business plans and terms. A

competitor could use that information to anticipate how Amazon would be likely to adjust pay to DSPs or DSP owners would be likely to adjust pay rates that DSPs offer their drivers in a given geography and/or position its own offers just above them in response to certain competitive conduct, without incurring the cost Amazon and DSPs incurred to develop the methodology. Disclosure would be one-directional, because Amazon would gain no comparable insight into its competitors' models or plan. Amazon developed this information over several years and at considerable cost.

12. Public disclosure of the identity of the specific comparator firms and geographies in Paragraphs 141 and 143 would separately cause Amazon clearly defined and serious injury. That material would reveal certain specific firms which Amazon regards as competitive constraints on driver labor and service costs and where Amazon regards those constraints as most acute. A competitor that learned Amazon regards it as a constraint in a particular geography could adjust its own compensation, recruiting, or expansion in that geography to exploit that knowledge. Further, a competitor could target the specific geographies Amazon has identified as competitively significant.

13. Public disclosure of the new program identified in Paragraph 76 would likewise cause Amazon clearly defined and serious injury. This new program was being considered as a response to changing customer demand, and disclosing the existence of the new program would give Amazon's retail competitors an opportunity to undercut Amazon or copy the program.

14. Public disclosure of the delivery station counts in Paragraphs 126 and 127 would likewise cause Amazon clearly defined and serious injury. The number of delivery stations Amazon operates in a defined geography is a direct measure of the density and capacity of Amazon's network in that geography. From that figure a competitor could derive per-station

throughput and infer package volumes and growth trajectory in the region. A competitor could use that information to site its own facilities, to concentrate recruiting of DSPs and drivers in particular areas, and to compete for industrial real estate and labor on more favorable terms. Amazon treats its facility footprint by region as confidential for these reasons and does not disclose it.

15. The injury described above would be immediate and irreversible. Once this information enters the public record it cannot be recalled, and the confidentiality that gives it its value would be destroyed permanently.

**V. No Less Restrictive Alternative To Sealing Is Available**

16. The relief Amazon seeks is already the least restrictive alternative available. The Complaint spans 52 pages and more than 180 paragraphs. Amazon seeks to seal material in five paragraphs only. Every allegation of wrongdoing, every element of Plaintiff's theory of the case, the alleged markets Plaintiff has described, the conduct Plaintiff challenges, and the relief Plaintiff seeks all remain fully public and unredacted.

17. Within those five paragraphs, the redactions are confined to the competitively sensitive material itself. In Paragraphs 76 and 141, the opening sentences stating the substance of Plaintiff's allegation remain public, and only the supporting detail drawn from Amazon's internal analyses is redacted. In Paragraphs 126 and 127, only the numerical figures are to be redacted, and the surrounding text describing Plaintiff's geographic market allegations remains public.

18. Amazon has no ability to modify Plaintiff's Complaint. Redaction of these discrete passages is therefore the narrowest measure that protects the information.

**VI. There Have Been No Prior Sealing Orders or Objections**

19. There is no prior order of this Court sealing any of the materials identified in the Appendix. No portion of the Complaint has previously been sealed in this action.

20. Plaintiff does not object to the sealing of the materials described in this declaration. No other party or nonparty known to Amazon objects. Plaintiff's position are set forth in the Appendix as required by L. Civ. R. 5.3(c)(3)(f)–(i).

21. Counsel for Amazon and counsel for Plaintiff conferred on August 12 and by email various days thereafter pursuant to L. Civ. R. 5.3(c)(2)(i) regarding the materials that are the subject of this motion.

I certify under penalty of perjury that the foregoing statements made by me are true.

Signed by:
Noorulamin M Patel
B6E624AD9D27400...

Noorulamin (Noor) Patel
Vice President of Worldwide DSP at
Amazon.com Services, LLC

**EXHIBIT A TO DECLARATION OF NOORULAMIN (NOOR) PATEL – APPENDIX TO AMAZON'S MOTION TO SEAL**

*Pursuant to L. Civ. R. 5.3(c)(3)(e), there is no prior order sealing any of the materials identified below, all of which are contained in the Complaint, ECF No. 1 (public version) and ECF No. 2 (redacted version).*

| Material | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Pages 22-23, Paragraph 76 | The entirety of the currently redacted portion – beginning after the second sentence through the end of the paragraph | Competitively sensitive information. The text describes Amazon's process for competitive benchmarking and specific pay modeling, which is competitively sensitive information that employers competing with the DSP program to hire labor should not be permitted to access or copy. Further, the text describes a new program that Amazon is exploring and that has not been publicly announced or launched, which if known, competitors could undercut or copy.<br>*See* Declaration of Noorulamin Patel ¶¶ 6-8 ("Patel Decl.") | Public disclosure of Amazon's competitively sensitive information would cause Amazon substantial competitive harm by revealing confidential business strategies, labor-competition analyses, operational metrics, and planned initiatives developed at significant expense. Competitors could use this information to anticipate or counter Amazon's DSP Program, target key geographies, replicate or undercut new programs, and infer the capacity and growth of Amazon's delivery network, all without incurring similar costs. Because Amazon does not publicly disclose this information and its value depends on maintaining its confidentiality, public disclosure would result in immediate and irreparable harm.<br>*See* Patel Decl. ¶¶ 11-15. | There is no less restrictive alternative other than sealing the Confidential Information. Amazon's request is narrowly tailored to seal only the confidential information at issue. Additionally, a redacted version of the complaint has been filed on the docket. If necessary, Amazon will submit a revised redacted version consistent with the<br>Court's Order on this motion. This is the least restrictive alternative available to protect the nonpublic confidential information.<br>*See* Patel Decl. ¶¶ 16-18. | Attorney General Davenport does not oppose the proposed redaction. |
| Pages 35-36, Paragraphs 126 & 127 | The number of delivery stations – only the numerical figures | Competitively sensitive information. Amazon's competitors could use knowledge of the number of delivery stations in particular regions to allocate competitive resources and harm Amazon's competitive positions.<br>*See* Patel Decl. ¶¶ 6-8. | Public disclosure of Amazon's competitively sensitive information would cause Amazon substantial competitive harm by revealing confidential business strategies, labor-competition analyses, operational metrics, and planned initiatives developed at significant expense. Competitors could use this information to anticipate or counter Amazon's DSP Program, target key | There is no less restrictive alternative other than sealing the Confidential Information. Amazon's request is narrowly tailored to seal only the confidential information at issue. Additionally, a redacted | Attorney General Davenport does not oppose the proposed redaction. |

| Material | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | | geographies, replicate or undercut new programs, and infer the capacity and growth of Amazon's delivery network, all without incurring similar costs. Because Amazon does not publicly disclose this information and its value depends on maintaining its confidentiality, public disclosure would result in immediate and irreparable harm. *See* Patel Decl. ¶¶ 11-15. | version of the complaint has been filed on the docket. If necessary, Amazon will submit a revised redacted version consistent with the Court's Order on this motion. This is the least restrictive alternative available to protect the nonpublic confidential information. *See* Patel Decl. ¶¶ 16-18. | |
| Page 39, Paragraph 141 | The entirety of the currently redacted portion – beginning after the first sentence through the end of the paragraph | Competitively sensitive information. The text describes Amazon's process for competitive benchmarking, specific pay modeling, and the identity of specific competitors Amazon considers, which is competitively sensitive information that employers competing with the DSP program to hire labor should not be permitted to access or copy. *See* Patel Decl. ¶¶ 6-8. | Public disclosure of Amazon's competitively sensitive information would cause Amazon substantial competitive harm by revealing confidential business strategies, labor-competition analyses, operational metrics, and planned initiatives developed at significant expense. Competitors could use this information to anticipate or counter Amazon's DSP Program, target key geographies, replicate or undercut new programs, and infer the capacity and growth of Amazon's delivery network, all without incurring similar costs. Because Amazon does not publicly disclose this information and its value depends on maintaining its confidentiality, public disclosure would result in immediate and irreparable harm. *See* Patel Decl. ¶¶ 11-15. | There is no less restrictive alternative other than sealing the Confidential Information. Amazon's request is narrowly tailored to seal only the confidential information at issue. Additionally, a redacted version of the complaint has been filed on the docket. If necessary, Amazon will submit a revised redacted version consistent with the Court's Order on this motion. This is the least restrictive alternative available to protect the nonpublic confidential information. *See* Patel Decl. ¶¶ 16-18. | Attorney General Davenport does not oppose the proposed redaction. |
| Page 40, Paragraph 143 | The entirety of the currently redacted full paragraph | Competitively sensitive information. The text describes Amazon's process for competitive benchmarking, specific pay modeling, and the | Public disclosure of Amazon's competitively sensitive information would cause Amazon substantial competitive harm by revealing | There is no less restrictive alternative other than sealing the Confidential Information. | Attorney General Davenport does |

| Material | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | specific geographies that Amazon considers, which is competitively sensitive information that employers competing with the DSP program to hire labor should not be permitted to access or copy.<br>*See* Patel Decl. ¶¶ 6-8. | confidential business strategies, labor-competition analyses, operational metrics, and planned initiatives developed at significant expense. Competitors could use this information to anticipate or counter Amazon's DSP Program, target key geographies, replicate or undercut new programs, and infer the capacity and growth of Amazon's delivery network, all without incurring similar costs. Because Amazon does not publicly disclose this information and its value depends on maintaining its confidentiality, public disclosure would result in immediate and irreparable harm.<br>*See* Patel Decl. ¶¶ 11-15. | Amazon's request is narrowly tailored to seal only the confidential information at issue. Additionally, a redacted version of the complaint has been filed on the docket. If necessary, Amazon will submit a revised redacted version consistent with the Court's Order on this motion. This is the least restrictive alternative available to protect the nonpublic confidential information.<br>*See* Patel Decl. ¶¶ 16-18. | not oppose the proposed redaction. |