**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JENNIFER DAVENPORT, ATTORNEY GENERAL OF NEW JERSEY,

Plaintiff,

v.

AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, and AMAZON LOGISTICS, INC.,

Defendants.

Civil Action No. 2:26-cv-09814 (JXN) (JBC)

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO SEAL MATERIALS PURSUANT TO L. CIV. R. 5.3, AND FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**THIS MATTER** having come before the Court on the motion of defendants Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Logistics, Inc. (collectively, "Amazon") for an Order pursuant to L. Civ. R. 5.3(c) sealing discrete portions of the Complaint (ECF No. 1); and the Court having considered the Declaration of Noorulamin Patel and the Appendix annexed thereto (together, the "Patel Decl."), and the submissions of the parties; and no party or nonparty having objected to the relief sought; and for good cause shown; the Court makes the following Findings of Fact and Conclusions of Law pursuant to L. Civ. R. 5.3(c)(3) and (c)(6):

**FINDINGS OF FACT**

1. On August 4, 2026, Plaintiff filed the Complaint in this action. ECF No. 1. The Complaint was filed publicly with redactions applied to numerous passages. On August 18, 2026, Amazon moved pursuant to L. Civ. R. 5.3(c) to seal certain redacted passages.

2. The materials Amazon seeks to seal (the "Confidential Material") are identified page by page in the Appendix and consist of: (a) the redacted portion of Paragraph 76, beginning

after the second sentence and continuing through the end of that paragraph (Compl. at 22; PageID 25); (b) the redacted material in Paragraphs 126 and 127 (Compl. at 35–36; PageID 38–39); (c) the redacted portion of Paragraph 141, beginning after the first sentence and continuing through the end of that paragraph (Compl. at 39; PageID 42); and (d) the redacted material in Paragraph 143 in its entirety (Compl. at 40; PageID 43).

3. The Confidential Material falls into four categories: (a) Amazon's internal methodology for benchmarking the compensation and terms available to Delivery Service Partner ("DSP") drivers, and the DSP pay-modeling analyses performed in connection with that methodology; (b) the identity of the specific competitor firms and geographies Amazon evaluates in performing competitive analyses; (c) details of a not launched DSP-related program, and (d) the number of Amazon delivery stations located in a defined geographic area. Patel Decl. ¶¶ 5–6.

4. There is good reason to believe that the Confidential Material is not publicly available. Amazon does not publish the number of delivery stations it operates in particular geographies, does not publicly describe the benchmarking or DSP pay-modeling methodology reflected in the redacted passages, and has not publicly disclosed the existence of the new DSP-related program. Amazon restricts internal access to this information to employees or DSPs with a business need to know and maintains it subject to access controls, confidentiality notices or obligations, and confidentiality agreements. Patel Decl. ¶¶ 7–8.

5. There is good reason to believe that Amazon has a legitimate private interest in maintaining the confidentiality of the Confidential Material, and that Amazon derives value from its secrecy. The Confidential Material reflects internal analyses Amazon prepared for its own

business purposes and was produced to the Office of the Attorney General during its pre-suit investigation subject to confidentiality protections. Patel Decl. ¶¶ 7; 9–10.

6. There is good reason to believe that clearly defined and serious injury would result if the Confidential Material were publicly disclosed. Amazon states that it competes for the services of DSPs with other e-commerce companies, parcel carriers, and last-mile delivery providers. Disclosure of the benchmarking methodology and DSP pay-modeling materials would permit those competitors to learn which comparators and inputs Amazon weighs and how it operationalizes them, and to anticipate and position their own offers accordingly without incurring the cost Amazon incurred to develop that methodology. Patel Decl. ¶ 11.

7. There is likewise good reason to believe that disclosure of the identity of the specific comparator firms and geographies would reveal which firms Amazon regards as competitive constraints on labor and services costs and where it regards those constraints as most acute, permitting competitors to target those regions and permitting named comparators to adjust their own conduct to exploit that knowledge. Patel Decl. ¶ 12.

8. There is likewise good reason to believe that disclosure of details about the new DSP-related program would allow Amazon's competitors to copy and undercut that program. Patel Decl. ¶ 13.

9. There is likewise good reason to believe that disclosure of the number of delivery stations Amazon operates in a defined geography would disclose the density and capacity of Amazon's network in that geography, from which competitors could derive per-station throughput, infer package volumes and growth, and compete more effectively for facilities, DSPs, and drivers in identified regions. Patel Decl. ¶ 14.

10. The injury described above would be immediate and irreversible. Once disclosed, the confidentiality that gives the Confidential Material its value would be destroyed permanently. Patel Decl. ¶ 15.

11. There is good reason to believe that no less restrictive alternative to the relief sought is available. The Complaint spans 52 pages and more than 180 paragraphs, and Amazon seeks to seal material in five paragraphs only. All allegations of wrongdoing, Plaintiff's theories of liability, the alleged markets Plaintiff has described, the conduct Plaintiff challenges, and the relief Plaintiff seeks remain public and unredacted. Within the five paragraphs at issue, the redactions are confined to the competitively sensitive material itself, and a legible public version of the Complaint will be available for inspection. Patel Decl. ¶¶ 16–18.

12. Amazon does not seek to seal the Complaint in its entirety, the docket, the caption, any judicial proceeding, or any order or opinion of this Court. Patel Decl. ¶ 5.

13. There is no prior order of this Court sealing the Confidential Material, and no portion of the Complaint has previously been sealed in this action. Patel Decl. ¶ 19.

14. No party or nonparty known to the Court objects to the relief sought.

15. Counsel conferred pursuant to L. Civ. R. 5.3(c)(2)(i) before the motion was filed. Patel Decl. ¶ 21.

## CONCLUSIONS OF LAW

16. There is a common law right of public access to judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). That right is not absolute, and the presumption may be rebutted. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978). The common law right of access, rather than the standard governing protective orders under Fed. R.

Civ. P. 26, supplies the framework for a motion to seal materials filed on the public docket, and that framework begins with a presumption in favor of openness. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). The Court retains discretion to balance the factors for and against access. *Leucadia*, 998 F.2d at 165.

17. The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). The movant must further show that disclosure would work a clearly defined and serious injury, and the injury must be established with specificity; broad allegations of harm unsupported by specific examples or articulated reasoning will not suffice. *In re Avandia*, 924 F.3d at 672–73; *In re Cendant*, 260 F.3d at 194. Courts have permitted sealing where the judicial record may be improperly exploited, including where disclosure would harm a party's competitive standing. *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

18. This District has recognized that a "well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (quoting *Publicker*, 733 F.2d at 1071). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.*

19. Courts in this District have applied that principle to confidential commercial, financial, budgeting, and accounting information. *Pfizer Inc. v. Teva Pharms. USA, Inc.*, No. 08-1331, 2009 WL 2256484, at *1–2 (D.N.J. July 28, 2009); *see also Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *4 (D.N.J. Jan. 3, 2012); *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007

WL 496816, at *2–3 (D.N.J. Feb. 13, 2007). A movant's loss of competitive standing is the type of serious injury that calls for the protection of confidential material. *Saturn Wireless Consulting, LLC v. Aversa*, No. 17-1637, 2018 WL 11458894, at *3 (D.N.J. Dec. 26, 2018) (sealing customer lists); *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, 2017 WL 6638204, at *2–3 (D.N.J. Dec. 28, 2017) (sealing pricing data, third party purchase agreements, and finder's fees agreements and related payments).

20. That the Confidential Material appears in a pleading does not remove it from the scope of L. Civ. R. 5.3. This District has sealed a complaint containing a party's confidential commercial information where the plaintiff filed the pleading publicly without redacting terms it was obliged to keep confidential, and has directed that public redacted versions be filed in its place. *Fields PAG, Inc. v. CDK Global, LLC*, 2016 WL 9185293, at *5 (D.N.J. June 10, 2016); *see also Leucadia*, 998 F.2d at 163–64 (presumption of access extends to an exhibit to a complaint).

21. The Confidential Material is of that character. Amazon's internal benchmarking and DSP pay-modeling methodology, the comparators and geographies that Amazon considers in competitive analyses, its confidential programs, and the density of Amazon's delivery network in a defined region are non-public commercial information the disclosure of which would harm Amazon's competitive standing. *Littlejohn*, 851 F.2d at 678; *In re Gabapentin*, 312 F. Supp. 2d at 664.

22. Nor does the identity of Plaintiff as a state enforcement authority alter the analysis. Amazon does not seek wholesale sealing; it seeks the targeted redaction of discrete passages, which is the course this District prescribes instead of sealing entire documents. *Supernus Pharms., Inc. v. Actavis, Inc.*, No. 13-4740, 2014 WL 6474039, at *3 (D.N.J. Nov. 18,

2014). The public retains full access to every allegation of wrongdoing, to Plaintiff's theories of liability, and to the relief Plaintiff seeks. Confidential information does not lose its protection merely by virtue of having been filed. *Cf. Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

23. Under L. Civ. R. 5.3(c)(3), a party seeking to seal materials must describe with particularity (a) the nature of the materials at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request; and, as to each objection, (g) the materials to which there is an objection, (h) the basis for the objection, and (i) if the material was previously sealed by the Court in the pending action, why it should not be maintained under seal.

24. Having reviewed the Patel Declaration and the Appendix, the Court is satisfied that Amazon has provided the information required by L. Civ. R. 5.3(c)(3), and has carried its burden of showing that its interest in the continued confidentiality of the Confidential Material outweighs the presumption of public access to judicial records.

25. Specifically, the Court concludes that: (a) the Confidential Material is confidential, competitively sensitive commercial information of the kind courts will protect; (b) Amazon has a legitimate private interest in maintaining its confidentiality; (c) public disclosure would result in a clearly defined and serious injury to Amazon; (d) no less restrictive alternative to the relief sought is available; and (e) the relief sought is narrowly tailored to the Confidential Material.

26. For the foregoing reasons, there is good cause to grant the motion.

IT IS on this ______ day of ______________, 2026;

**ORDERED** that, based upon the foregoing Findings of Fact and Conclusions of Law, Amazon's Motion to Seal Materials pursuant to L. Civ. R. 5.3(c) is GRANTED; and it is further

**ORDERED** that the redactions applied to the Complaint (ECF No. 1) and identified in the Appendix shall be maintained, and the Confidential Material shall be maintained under seal; and it is further

**ORDERED** that within fourteen (14) days of the date of this Order, Plaintiff shall file the unredacted Complaint under seal in accordance with L. Civ. R. 5.3(c)(4); and it is further

**ORDERED** that any party filing a document in this action that quotes, reproduces, or discloses the Confidential Material shall file an unredacted version under seal and a redacted version publicly, in accordance with L. Civ. R. 5.3(c)(4).

___________________________________
HON. JAMES B. CLARK, III
UNITED STATES MAGISTRATE JUDGE