NLG NACHAWATI LAW GROUP

Hon. Jessica S. Allen, Magistrate Judge
United States District Court
District of New Jersey
MLK Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

September 1, 2026

RE: *Jennifer Davenport, Attorney General of New Jersey v. Amazon.com, Inc., et al., 26-cv-09814 (JXN)(JBC); Request for Leave to File a Motion for Expedited Discovery*

Dear Magistrate Judge Allen:

This office represents New Jersey Attorney General Jennifer C. Davenport in the above-captioned enforcement action against Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Logistics, Inc. (collectively "Amazon" or "Defendants"). The parties met and conferred in good faith pursuant to L.Civ.R. 37.1 on August 12, 2026, and exchanged further emails regarding expedited discovery between August 12 and August 24 but have reached a clear impasse about whether any expedited discovery should occur in this case. Pursuant to Your Honor's individual rules governing motion practice,[1] we respectfully request leave to file a motion under Fed. R. Civ. P. 26(d)(1) for expedited discovery regarding Amazon's anticompetitive acts and the irreparable harm they cause to Delivery Service Partners ("DSPs") and DSPs' delivery drivers. Amazon has stated that it will oppose a motion for expedited discovery; the Attorney General respectfully submits that briefing on a motion for expedited review is appropriate. The Attorney General is available for either an in-person or telephonic hearing to discuss the request to file a motion for expedited discovery.

The Attorney General filed this action because Amazon is violating federal and state antitrust laws by maintaining an illegal monopsony over DSPs and drivers in New Jersey and the New York-Newark-Jersey City metropolitan statistical area ("MSA"). Amazon uses oppressive tactics to avoid competition for the services of DSPs and their drivers and devotes substantial resources to prevent unionization and other organizing activity. Amazon has gone so far as to terminate at least one such DSP relationship—effectively putting that DSP out of business. Meanwhile, Amazon's power and surveillance capabilities result in poor working conditions and sub-competitive compensation.

[1] https://www.njd.uscourts.gov/content/jessica-s-allen

The Attorney General requests leave to file a motion for expedited discovery because Amazon's conduct is causing irreparable harm and the Attorney General seeks a full and proper record upon which to move for a preliminary injunction. The need for discovery is immediate. Organizing activity remains ongoing at an Edison DSP, where the DSP owner warned drivers that signing union cards could result in lost routes or Amazon's termination of the DSP's business. Documents received in July confirmed portions of Amazon's response to organizing activity at the Queens DSP. For DSPs dependent on Amazon, termination can effectively end the business and eliminate drivers' jobs. A preliminary injunction is necessary to preserve the status quo and prevent irreparable harm.

Accordingly, the Attorney General expects to move for a preliminary injunction restraining Amazon from threatening, terminating, or otherwise penalizing DSPs or their employees for speech or conduct related to unionization. Expedited discovery would be limited to information germane to the anticipated request for preliminary relief, with the specific scope and limits to be set out in the motion.

**Background**

The Office of the Attorney General began investigating Amazon's anticompetitive conduct in 2025. Specifically in May of 2025, the Office served Amazon with a subpoena requesting documents about Amazon's relationship to DSPs, including Amazon's union-related policies and its reactions to DSP drivers' attempts to unionize. Despite Plaintiff explaining the obvious relevance of unionization to the investigation, Amazon refused to agree to search for or produce "documents related to unions" among other topics as part of its production.

Through interviews, investigators learned the details of Amazon's anti-union efforts directed at DSPs, including in Queens, NY, as well as termination of one DSP after workers there unionized. Most recently, in July 2026, the Attorney General received documents that corroborated aspects of that account.

Similarly, in March of 2026, the Attorney General learned that at least one DSP in New Jersey faces pressures consistent with those observed in Queens. Just a month earlier, a DSP in Edison, NJ, held a mandatory company-wide meeting. The DSP owner told the drivers not to sign union cards, warning them that they might lose routes and Amazon could terminate its contract with the DSP. As the episode in Queens demonstrated, there was good reason to take these threats

NLG NACHAWATI LAW GROUP

seriously—both in Edison and in DSPs throughout New Jersey and the MSA. Plaintiff has reason to believe that organizing activity remains ongoing and that Amazon continues to monitor that activity. In light of the alleged response in Queens and the more recent warning by the Edison DSP owner, the risk of route reductions, termination, or comparable operational consequences is present rather than merely historical.[2]

For most DSPs, Amazon is the only customer. For a DSP dependent on Amazon, termination can mean losing access to leased vans, physical space within Amazon's facilities, and business services that Amazon makes available, effectively ending the DSP's business.

On August 4, 2026, the Attorney General initiated this action alleging violations of state and federal antitrust law and stated its intent to seek a preliminary injunction against Amazon to prevent DSPs from being terminated or threatened with termination.[3]

The parties met and conferred on August 12. Plaintiff explained that its proposal for expedited discovery was limited to issues germane to a preliminary injunction. Amazon expressed skepticism about the proposal but did request access to Plaintiff's investigative file. Plaintiff responded that it was open to producing information from its investigation as part of an agreement for expedited discovery.

On August 20, Amazon by email explained its view that expedited discovery was inappropriate because no motion for preliminary injunction was pending, asked the Attorney General to provide support for its position, and stated that Amazon would likely oppose any request for discovery before its responses to the complaint were resolved.

On August 21, Plaintiff by email again confirmed the limited scope of its proposed expedited discovery, explaining that courts can and do grant motions for expedited discovery even when no preliminary injunction motion is pending and that one legitimate purpose of expedited discovery is to promptly develop a record in advance of preliminary injunction proceedings, as

---

[2] If leave is granted, Plaintiff will support its motion with affidavits providing additional details and identifying the sources of the information to the extent appropriate at that time.

[3] The Complaint also alleges that Amazon further violated state and federal antitrust laws by requiring DSPs to abide by a no-poach policy, preventing DSPs from actively recruiting drivers from other DSPs. That claim is not at issue in this request, as Plaintiff will not seek expedited discovery for information solely related to that claim.

demonstrated by *Tracey v. Recovco Mortgage Management LLC*, 451 F. Supp. 3d 337, 344-45 (D.N.J. 2020) (denying preliminary injunction motion without prejudice while simultaneously granting expedited discovery to permit a future renewed preliminary injunction motion). Plaintiff observed that if Amazon's position was to oppose any expedited discovery from occurring, the parties were at impasse.

On August 24, nearly two weeks after the Attorney General's initial request, Amazon by email stated it did not believe there were any valid grounds to seek expedited discovery and would oppose any motion for expedited discovery.

**Legal Framework for Expedited Discovery**

A court may authorize expedited discovery prior to a Rule 26(f) conference upon a showing of "good cause." Fed. R. Civ. P. 26(d)(1) (permitting discovery before the Rule 26(f) conference by court order). Expedited discovery permits parties to quickly develop a sufficient record to resolve fact-sensitive motions for preliminary restraints in complex disputes. *See, e.g., Tracey*, F. Supp. 3d at 344-45 ("Expedited discovery is particularly appropriate where a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings") (quotation omitted). Allowing limited, streamlined discovery promptly after the action commences "enable[s] the Court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Chubb Ina Holdings Inc. v. Chang*, No. CV 16-2354, 2016 WL 3470291, at *4 (D.N.J. June 24, 2016) (quotation omitted).

"Good cause" for expedited discovery exists where the "need for expedited discovery, considering the overall administration of justice [outweighs the] prejudice to the opposing party." *Better Packages, Inc. v. Zheng*, No. CV 05-04477, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006) (cleaned up). To implement this balancing test, courts in the Third Circuit examine: (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether the discovery burdens the defendant; and (5) whether the defendant can respond to the request in an expedited manner. *See, e.g.*, *Times Three Clothier, LLC v. Rack's Off Price,* No. CV 22-3013, 2022 WL 3053946, at *2 (D.N.J. Aug. 3, 2022).

NLG NACHAWATI LAW GROUP

**The Attorney General Easily Satisfies the Good Cause Standard for Obtaining Expedited Discovery**

Expedited discovery is appropriate in this matter. Requiring Amazon to disclose a limited set of documents and testimony—information they will need to disclose later in this litigation in any event—is a modest burden compared to the public's interest in the effective enforcement of antitrust laws and harm to New Jersey and its residents. Further, each of the five "good cause" factors weighs in favor of granting the Attorney General's motion for expedited discovery.

First, the timing of this request supports granting leave to file the motion. Plaintiff filed the complaint this past month and stated from the outset that the Attorney General would "seek preliminary injunctive relief[.]" Compl. ¶ 21. Although no preliminary-injunction motion is yet pending, that circumstance is not dispositive, and the request here will be limited to the information needed to prepare that motion. *See Flatiron Crane Operating Co., LLC v. Adkins*, No. 5:23-cv-2396, 2023 WL 4565470, at *4 (E.D. Pa. July 17, 2023). Amazon therefore has been on notice of the anticipated motion and the need for related discovery. If leave to file the motion is denied, however, many months may pass before Plaintiff obtains discovery in the normal course, as Amazon has already signaled its intent to file a motion to dismiss.

Second, the request will be narrowly tailored to information pertinent to the Attorney General's anticipated motion for a preliminary injunction. *Times Three Clothier, LLC*, 2022 WL 3053946, at *3. Discovery would focus solely on issues relevant to the anticipated request for preliminary relief, including likelihood of success on the merits and irreparable harm. See *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). Expedited discovery would not encompass damages, claims concerning restrictions on DSPs' ability to compete for workers (Count IV and related state-law claims), or information not firmly tethered to the legal requirements for interim relief. The requests will be limited to matters pertaining to New Jersey and the New York-Newark-Jersey City MSA. The State also anticipates limiting discovery by custodian, date range, number of written requests and depositions, response deadlines, and phased production, with specific limits to be set out in the motion. If the Court grants leave and, after briefing, grants Plaintiff's motion, the Court will benefit from additional information bearing on the propriety of temporary restraints in specific geographic areas.

Third, allowing limited discovery specific to the anticipated motion will ensure Plaintiff can draft a motion for preliminary relief that is no broader than necessary to prevent Amazon from continuing to coerce, intimidate, and prevent drivers from unionizing. Plaintiff is the Attorney

General of a sovereign state, responsible for protecting millions of people living and working within the state's borders. She has an acute interest in preventing the state's largest corporate actors from routinely violating state and federal laws. To obtain prompt restraints, Plaintiff must quickly develop an adequate record on which the Court may base its injunction.

Meanwhile, producing documents about anti-unionization efforts will not impose a substantial burden on Amazon, a large, sophisticated technology and logistics company. The burden on Amazon in complying with expedited discovery here will be functionally no greater than if the Attorney General had moved to enforce its subpoena in full. Any legitimate concerns about safeguarding privacy or proprietary information can be addressed through a protective order or other standard protective measures. For similar reasons, on factor five, Amazon is capable of "responding to the request in an expedited manner."

Granting the motion for leave would further a primary goal of modern federal discovery rules: to improve the likelihood of reaching prompt, accurate and just outcomes. Most importantly, denying would leave the Court with a more limited record to adjudicate the preliminary injunction motion and risk allowing Amazon to continue causing irreparable harm to DSPs.

**Conclusion**

For the foregoing reasons, we respectfully request the Court grant the Attorney General leave to file a motion for expedited discovery.

Respectfully submitted,

/s/ Michael Kades

Michael Kades (admitted *pro hac vice*)
Brian L. Moore (admitted *pro hac vice*)
Jeff Dan Herrera (admitted *pro hac vice*)
Benjamin Notterman (NJ ID 510572025)
**NACHAWATI LAW GROUP**
5489 Blair Road
Dallas, TX 75231
Telephone: (214) 890-0711
mkades@ntrial.com
bmoore@ntrial.com
jherrera@ntrial.com
bnotterman@ntrial.com