WALSH
PIZZI
O'REILLY
FALANGA

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1100
lwalsh@walsh.law

September 4, 2026

**VIA CM/ECF**

Hon. Jessica S. Allen, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re: *Davenport v. Amazon.com, Inc., et al.*, Civ. A. No. 2:26-cv-09814 (JXN) (JSA) — Defendants' Opposition to Plaintiff's Request for Leave to File a Motion for Expedited Discovery**

Dear Judge Allen:

This firm, along with Gibson, Dunn & Crutcher LLP and Seyfarth Shaw LLP, represents Defendants (collectively, "Amazon") in the above referenced matter. We write in opposition to Plaintiff's September 1, 2026 request for leave to file a motion for expedited discovery in advance of the Rule 26(f) conference ("Pl. Letter," ECF No. 28). Plaintiff offers a single justification: that it needs the discovery to support a preliminary injunction motion it intends to file at some unspecified point in the future. That justification fails, and Plaintiff's request should be denied.

*First*, Plaintiff seeks expedited discovery in a case that falls within the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). And Plaintiff seeks injunctive relief that Congress has said courts may not award in cases such as this that arise out of labor disputes. Accordingly, the discovery Plaintiff envisions is beyond this Court's jurisdiction. *Second*, no preliminary injunction motion is pending, and the majority of courts hold that a plaintiff must, at a minimum, file the motion before seeking discovery in aid of it. *Third*, Plaintiff's arguments about urgency are manufactured. Plaintiff's labor allegations are years old—they have been the subject of proceedings before the NLRB—and Plaintiff spent more than a year investigating Amazon before filing this suit. Accordingly, an orderly sequencing of dispositive motions and then, if necessary, merits discovery to the extent within the Court's jurisdiction, will prejudice no one. *Fourth*, Amazon's forthcoming dispositive motions are likely to resolve this case on the pleadings—or stay it pending arbitration—making expedited merits discovery not merely unavailable, but premature and wasteful.

Amazon denies Plaintiff's allegations, which are false and which mischaracterize lawful and ordinary business conduct. This letter, however, addresses only the narrow procedural question before the Court: whether Plaintiff has shown good cause to depart from the ordinary sequence of discovery. It has not.

## I. Expedited Discovery May Not Proceed Because The Court Lacks Jurisdiction: The NLRB Has Exclusive Jurisdiction Over The Dispute, And The Norris-LaGuardia Act Independently Withdraws The Court's Equitable Jurisdiction To Issue The Contemplated Relief.

On its face, the Complaint alleges a labor dispute. In the guise of an antitrust suit, the Complaint repeatedly accuses Amazon of taking actions to "prevent unionization," and using tactics to "crush any prospect" of a DSP union that would "collectively bargain for better compensation and working conditions." Compl. ¶¶ 11, 20–21, 83. It even invokes language drawn directly from labor laws, alleging, for instance that Amazon requires a "yellow-dog contract." *Id.* ¶ 50; *see* 29 U.S.C. § 103. This alleges a classic labor dispute, through and through, which Amazon will soon move to dismiss.

Under the National Labor Relations Act, the NLRB has "exclusive" jurisdiction over "an activity [that] is arguably subject to § 7 or § 8 of the Act"—provisions that deal with unionization, collective bargaining, and unfair labor practices. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 241, 244–45 (1959). And even if the Court could exercise subject-matter jurisdiction, the Norris-LaGuardia Act independently withdraws jurisdiction to issue the contemplated injunction. *See Burlington N. R.R. Co. v. Bhd. of Maintenance of Way Emps.*, 481 U.S. 429, 437, 453 (1987). Because the Court cannot hear the case or issue an injunction without first ascertaining its jurisdiction, any discovery now would waste resources. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (no "hypothetical jurisdiction"); *cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–59 (2007) (a plaintiff must show "entitlement to relief" before discovery (alterations omitted)).

*First*, the Court lacks jurisdiction because "neither state nor federal courts possess jurisdiction over claims based on activity that is 'arguably' subject to §§ 7 or 8 of the [National Labor Relations Act]." *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 74 (1989); *see also Int'l Longshoremen's Local 1416, AFL-CIO v. Ariadne Shipping Co.*, 397 U.S. 195, 200–01 (1970) ("The jurisdiction of the [NLRB] is exclusive."). Because the Complaint seeks to hold Amazon liable for allegedly "prevent[ing] unionization," Compl. ¶¶ 20–21, the case concerns conduct squarely within § 7 and § 8 of the NLRA. 29 U.S.C. §§ 157, 158 (protecting employee's "right to self-organization" and "bargain collectively" and defining unfair labor practices as interfering with those rights). Thus, the NLRB has exclusive jurisdiction, and the Court "must dismiss the claims for lack of subject matter jurisdiction based on the complete preemption of the NLRA." *Cox v. Airgas USA, LLC*, No. 25-15925, 2026 WL 957426, at *5 (D.N.J. Feb. 26, 2026); *see also Amazon.com Servs. LLC v. New York State Public Employment Relations Board et al.*, No. 25-CV-5311, 2026 WL 2085865, at *4 (E.D.N.Y. July 20, 2026) (holding that the State of New York's attempt to usurp the role of the NLRB in policing alleged unfair labor practices was preempted).

*Second*, even if the Court had subject-matter jurisdiction, the Norris-LaGuardia Act independently withdraws equitable jurisdiction to issue injunctions in cases (such as this) involving or growing out of a labor dispute. "No court of the United States . . . shall have jurisdiction to issue any . . . temporary or permanent injunction in a case *involving or growing out of a labor dispute*, except in . . . strict conformity with" the Norris-LaGuardia Act's provisions. 29 U.S.C. § 101

(emphasis added).[1] A "labor dispute" includes "any controversy concerning [1] terms or conditions of employment, or [2] concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment." *Id.* § 113(c). The statute applies "[e]ven . . . where the disputants d[o] not stand in the relationship of employer and employee." *Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n*, 457 U.S. 702, 714 (1982).

The Third Circuit recently applied a "broad construction" of the Act in *Spring Creek Rehabilitation & Nursing Center LLC v. NLRB*, 160 F.4th 380, 385 (3d Cir. 2025). There, an employer sought to enjoin unconstitutional NLRB proceedings, but the panel held that the Act divested the district court of jurisdiction to issue the injunction. *Id.* at 382-83. In the panel's view, the dispute giving rise to the Board proceeding "undoubtedly involve[d] a labor dispute" because it "concern[ed]" whether the employer "failed to bargain . . . over the terms of their employment." *Id.* at 384–85. And the employer's suit involved or grew out of that labor dispute because the employer "could not have brought" it otherwise. *Id.* at 385.[2]

This case, too, involves and grows out of a labor dispute. The case concerns "the association or representation of persons in negotiating . . . terms or conditions of employment." 29 U.S.C. § 113(c). As explained, the Complaint alleges that Amazon uses tactics to "crush any prospect" of a DSP union that would "collectively bargain for better compensation and working conditions," Compl. ¶¶ 11, 83, and requires a "yellow-dog contract," *id.* ¶ 50. The Complaint also concerns "terms or conditions of employment." 29 U.S.C. § 113(c). It alleges that Amazon pays "low compensation" for work in "poor conditions," Compl. ¶ 7, requires DSPs to maintain an "at-will employment policy," *id.* ¶ 50, controls their "hiring and training process" and "performance goals and ratings," *id.* ¶ 54, demands "mandatory meetings without pay," *id.* ¶ 80, and uses "rules . . . as pretext to terminate," *id.* ¶ 81.

---

[1] A case involves or grows out of a labor dispute "when the case involves . . . persons participating or interested" in a labor dispute. *Id.* § 113(a). A person is "participating or interested" if "relief is sought against . . . it, and if . . . it is engaged in the same industry, trade, craft, or occupation in which such dispute occurs, or has a direct or indirect interest therein." *Id.* § 113(b). Relief is sought against Amazon and it is interested in the same industry as the DSPs and their drivers. *See* Compl. ¶ 58.

[2] Amazon has argued elsewhere that the Act does not apply to injunctions against the NLRB in constitutional challenges to the Board's structure, but the Ninth Circuit disagreed. *See Amazon.com Servs, LLC v. Teamsters Amazon Nat'l Negotiating Committee*, 163 F.4th 624 (9th Cir. 2025); *compare Space Exploration Techs. Corp. v. NLRB*, 151 F.4th 761, 766–67 (5th Cir. 2025) (agreeing with Amazon's position on that issue). The Third Circuit agrees with the Ninth Circuit despite the "degree of separation" between a constitutional challenge and a labor dispute. *Spring Creek*, 160 F.4th at 385. Either way, no such separation exists here, where Plaintiff seeks an injunction against Amazon itself for alleged labor practices.

In short, the NLRB has exclusive jurisdiction, and the Court independently cannot grant the injunctive relief sought. Discovery in aid of that forbidden relief would be futile, a waste of resources, and should be denied.

## II. Plaintiff Should Not Be Permitted To Take Discovery In Aid Of A Preliminary Injunction Motion It Has Not Filed.

Furthermore, under Rule 26(d)(1), a party may not seek discovery from any source before the parties have conferred under Rule 26(f), absent a stipulation or court order. A movant seeking to depart from that default must show good cause, which this District assesses by reference to the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances. *Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 WL 1373055, at *3–4 (D.N.J. May 17, 2006).

Because Plaintiff seeks discovery in aid of injunctive relief within the "early stage of the litigation," the governing standard is not the permissive five-factor test typically used when the parties have a course of dealing and litigation has commenced. *See id.* at *2; *see also* Pl. Letter at 4. It is the more demanding four-factor test this District adopted in *Gucci America, Inc. v. Daffy's, Inc.*, No. 00-4463, 2000 WL 1720738, at *6 (D.N.J. Nov. 14, 2000), which requires the movant to demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Better Packages*, 2006 WL 1373055, at *2 (quotation marks omitted); *accord Genomic Prediction, Inc. v. Treff*, No. 25-16850, 2025 WL 3204688, at *6 (D.N.J. Nov. 17, 2025) (denying expedited discovery for failure to establish irreparable harm or likelihood of success); *JRM Constr. Mgmt., LLC v. Plescia*, No. 23-932, 2023 WL 2770479, at *7–8 (D.N.J. Apr. 4, 2023) (same). Plaintiff has not satisfied those factors—and it cannot even attempt to, because it has filed nothing that would allow the Court to evaluate them. And even under the more permissive five-factor test, expedited discovery is unwarranted here.

This District has denied expedited discovery in similar situations. For example, in *Better Packages*, the court refused expedited discovery because no preliminary injunction hearing was pending and the requests went directly to the merits of the case. 2006 WL 1373055, at *4–5. Both features are present here in aggravated form: there is not merely no hearing but no motion, and Plaintiff does not disguise the merits character of its requests—it expressly asks the Court to open merits discovery. *See* Pl. Letter at 5–6.

Similarly, in *Howmedica Osteonics Corp. v. DJO Global, Inc.*, No. 16-2330, 2017 WL 1136671, at *2 n.2 (D.N.J. Mar. 27, 2017), a party sought "limited, expedited discovery to preserve evidence for an anticipated motion for preliminary injunction," and the Court denied that request. Plaintiff's request here is far broader: it seeks not preservation of evidence but *full merits discovery*, on an expedited basis, in support of a motion that may never be filed due to futility.

The reasoning behind these decisions applies directly. Expedited discovery in aid of an injunction must be tailored to the disputed issues the motion raises; but without a motion, there are no such issues to tailor to. The Court cannot assess proportionality when the relief sought is undefined, and

neither Amazon nor the Court can test Plaintiff's asserted likelihood of success or irreparable harm when Plaintiff has committed to nothing. The "expedited" label then becomes a vehicle for open-ended merits discovery that outpaces the schedule this Court would otherwise set.

The cases relied on by Plaintiff reaffirm these principles. Three of them *denied* expedited discovery in large part because no preliminary injunction motion was pending. *See Flatiron*, 2023 WL 4565470, at *3–4; *Chubb Ina Holdings Inc. v. Chang*, No. CV162354FLWDEA, 2016 WL 3470291, at *3–4 (D.N.J. June 24, 2016); *Better Packages*, 2006 WL 1373055, at *4–5. In one, a preliminary injunction motion had been filed, so the court was able to determine whether expedited discovery was appropriate. *See Tracey v. Recovco Mortg. Mgmt. LLC*, 451 F. Supp. 3d 337, 344–45 (D.N.J. 2020). And *Times Three Clothier, LLC v. Rack's Off Price*, No. CV 22-3013, 2022 WL 3053946, at *2–3 (D.N.J. Aug. 3, 2022), involved default judgment proceedings—not a preliminary injunction—so its holding and the standard it articulated do not support allowing expedited discovery in this case. Similarly, *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), did not concern a request for expedited discovery at all.

If Plaintiff believes emergency relief is truly warranted, the path is well marked: file a motion for preliminary injunction. Amazon can then respond demonstrating its futility and why there is no jurisdiction to decide it, the Court can determine whether discovery is genuinely necessary to resolve those issues, and any such discovery can be cabined to the elements actually in dispute. Nothing about that sequence prejudices Plaintiff, except that it requires Plaintiff to commit, in a filing subject to Rule 11, to the emergency it now merely asserts without support.

## III. Expedited Discovery Is Not Warranted Because the Allegations in the Complaint Refute Any Claim Of Urgency, Plaintiff Already Possesses Many Of The Documents It Seeks, No One Will Be Prejudiced By Orderly Discovery, and Expedited Discovery Would Be Burdensome.

Expedited discovery exists to address genuine emergencies—not to accelerate litigation. This case presents no emergency of any kind.

Plaintiff's allegations are not new and are being considered by the NLRB pursuant to its standard procedures. The baseless allegations concerning Amazon's response to union organizing among DSPs' employees have been the subject of unfair labor practice charges filed with the NLRB. They have been litigated both publicly and extensively before the agency Congress charged with adjudicating them. In fact, Plaintiff's Complaint recycles the same allegations found in numerous pending unfair labor practice charges before the NLRB, using a new antitrust framing. *See, e.g.*, NLRB Case No. 29-CA-353162 (filed with NLRB October 7, 2024, and containing same allegations as Complaint ¶ 93); NLRB Case No. 29-CA-358606 (filed with NLRB January 7, 2025, and containing same allegations as Complaint ¶ 94); NLRB Case No. 29-CA-372194 (filed with NLRB August 26, 2025, and containing same allegations as Complaint ¶ 96). A dispute that has been public for years before Plaintiff raised it in court is not one that requires emergency discovery in the weeks after a complaint is filed. *See Flatiron Crane Operating Co., LLC v. Adkins*, No. 5:23-CV-02396-JMG, 2023 WL 4565470, at *3 (E.D. Pa. July 17, 2023) (denying expedited discovery in part because plaintiff knew about the alleged conduct for months).

Nor is Plaintiff missing information it needs to evaluate its motion. Before filing suit, Plaintiff conducted an investigation of Amazon that lasted more than a year. It served a subpoena on Amazon, received many thousands of documents from Amazon, and had every opportunity to pursue additional documents from Amazon if it felt entitled to do so. Amazon objected to the requests for documents about unionization as irrelevant to an antitrust investigation, but nonetheless produced all of its DSP standards and policies acknowledging workers' rights to unionize, as well as thousands of custodial documents reflecting operations of the DSP Program. Amazon even expressed a willingness to search for more documents if Plaintiff identified how its requests connected to an antitrust theory of harm. Plaintiff flatly refused to do so and chose not to press for further discovery on unionization issues. Indeed, Plaintiff had every opportunity to bring a subpoena enforcement action seeking to compel Amazon to produce more unionization documents if Plaintiff believed it had a legitimate basis to do so. It never did so. And Plaintiff's letter does not actually explain how documents about unionization could serve as the basis for antitrust claims—Plaintiff merely claims the connection is "obvious," without citing any case in which a court found the connection "obvious" or allowed antitrust claims based on alleged anti-unionization conduct to proceed. Pl. Letter at 2.

In any event, the Complaint itself belies Plaintiff's contention that it urgently needs more documents. It quotes from and characterizes internal Amazon materials at length. *See, e.g.*, Compl. ¶¶ 78–80, 85–87. And Plaintiff concedes that it conducted an independent investigation of Amazon's alleged conduct, whereby it obtained testimony and documents from third parties that Plaintiff claims support its case. Pl. Letter at 2. Plaintiff thus already has much of the record it says it needs, and it has had it for many months. *Id.*

Plaintiff's failure to pursue the documents it now seeks independently undermines the injunction it says it needs and, therefore, the discovery it seeks in aid of that injunction. A party's failure to act with dispatch is powerful evidence that the harm it complains of is not irreparable. *See, e.g.*, *Lanin v. Borough of Tenafly*, 515 F. App'x 114, 118 (3d Cir. 2013); *Pharmacia Corp. v. Alcon Labs., Inc.*, 201 F. Supp. 2d 335, 383–84 (D.N.J. 2002). A plaintiff that investigated for more than a year and complains about conduct that, in some cases, is nearly a decade-old cannot credibly demand that the ordinary rules of discovery yield to its schedule now.

Proceeding in the ordinary course prejudices no one. If dispositive motion practice does not resolve this case, the Rule 26(f) conference will occur in due course and Amazon will propose a reasonable discovery schedule at that time. Meanwhile, the NLRB proceedings will continue, with the NLRB's full remedial machinery—including its authority to seek interim injunctive relief under Section 10(j) (a statutory exception to the Norris-LaGuardia Act, *see* 29 U.S.C. 160(j))—available to address the very type of conduct Plaintiff describes. The suggestion that New Jersey's citizens will suffer if this case follows the schedule that governs every other case on this Court's docket is unsupported and unsupportable.

The burden of what Plaintiff proposes, by contrast, is real and one-sided. Basic fairness dictates that merits discovery should not proceed when a valid jurisdictional dispute is pending. *See, e.g.*, *Jean-Baptiste v. DOJ*, No. 24-8583, 2025 WL 4897546, at *3 n.4 (D.N.J. Jan. 14, 2025) (deferring discovery to "allow the Court to first assess whether it has jurisdiction"). That is especially true here, where the merits discovery envisioned by Plaintiff would be massive: at a minimum, Amazon would have to investigate conduct at dozens of facilities over a multi-year period and search

voluminous corporate records. That would involve collection, review, and production of electronically stored information from numerous custodians, as well as extensive targeted collections—before the parties have even negotiated an ESI protocol, before a protective order is in place, before the Rule 26(f) conference occurs, and before Amazon has responded to the Complaint. Amazon would bear essentially all of that burden, amounting to hundreds of thousands of dollars and distraction from routine business operations, on a compressed timetable, all to support a futile preliminary injunction motion that may never be filed. *See Better Packages*, 2006 WL 1373055, at *4–5 (denying a plaintiff's request for expedited discovery where the burden was not justified); *see also Twombly*, 550 U.S. at 555–58 (explaining that courts must insist on specificity in pleading before allowing a potentially massive factual controversy to proceed). Plaintiff's commitment to later "set out" "limits" on this discovery only reinforces how broad this discovery really would be. Pl. Letter at 5.

## IV. Amazon's Forthcoming Threshold Motions Are Likely To Resolve This Case Without Any Merits Discovery.

Amazon is still analyzing Plaintiff's Complaint and formulating its response, and it reserves all rights and defenses. But no amount of discovery can save Plaintiff's deficient claims. At a minimum, Amazon plans to file the following threshold motions, each of which would be dispositive in whole or substantial part:

**(i) A motion to dismiss under Rule 12(b)(1) for lack of jurisdiction.** As described above, Plaintiff's claims target conduct that is protected or prohibited by Sections 7 and 8 of the National Labor Relations Act, and are therefore preempted and committed in the first instance to the exclusive competence of the National Labor Relations Board. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244–45 (1959). To the extent the claims reach conduct Congress intended to leave to the free play of economic forces, they are preempted for that independent reason as well. *See Lodge 76, Int'l Ass'n of Machinists v. Wis. Emp't Rels. Comm'n*, 427 U.S. 132, 140–41 (1976).

**(ii) A motion to stay this litigation pending arbitration of the drivers' damages claims.** If the Court does not dismiss for lack of jurisdiction, under the Federal Arbitration Act, 9 U.S.C. §§ 3–4, and applicable state laws, the claims for damages are subject to binding arbitration agreements. Specifically, Plaintiff is stepping into the shoes of the New Jersey drivers and asserting representative Sherman Act claims for damages on their behalf, Compl. ¶¶ 23–24, 177, whereas Plaintiff seems to acknowledge that those claims must be arbitrated, *id.* ¶ 52. Where a valid and enforceable arbitration agreement covers a dispute, merits discovery should not proceed. *Cf. Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024); *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774–76 (3d Cir. 2013).

**(iii) A motion to dismiss the antitrust claims under Rule 12(b)(6).** If the Court proceeds to consider the adequacy of the pleading, Amazon will establish why these antitrust claims fail at the threshold. Among other defects, the Complaint pleads no plausible relevant market, no monopsony power in any properly defined market, and no antitrust standing or antitrust injury. *See Twombly*, 550 U.S. at 555–58; *Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430, 436–37, 441–42 (3d Cir. 1997).

In complex antitrust cases, courts may defer or limit discovery pending resolution of threshold motions of exactly this kind. *See, e.g.*, *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (affirming an orderly sequencing of discovery pending a motion to dismiss where such discovery could be "futile"); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (the "costs of modern federal antitrust litigation counsel against sending the parties into discovery"). The rationale has particular force where, as here, the threshold motions raise questions of law resolvable on the face of the pleading and arbitration agreements, without merits discovery—whether Plaintiff's claims are preempted, whether they must be stayed pending arbitration, and whether the Complaint pleads the necessary elements of antitrust claims. *Cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."). None of the discovery Plaintiff seeks would inform any of them.

The arbitration issues warrant special mention. The principal benefits of an agreement to arbitrate—efficiency, lower cost, and the avoidance of federal-court litigation burdens—are irretrievably lost if a party is compelled to undertake sweeping merits discovery before the court decides whether a dispute belongs in arbitration at all. *Cf. Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269–70 (3d Cir. 2004). Ordering expedited discovery now, while Defendants are finalizing their responses to the Complaint, would frustrate the arbitration process irreversibly.

* * *

For the foregoing reasons, Amazon respectfully requests that the Court deny Plaintiff leave to file a motion for expedited discovery. In the alternative, Amazon requests that the Court hold the motion in abeyance until (a) Plaintiff actually files a preliminary injunction motion, and (b) Amazon's dispositive motions are resolved—at which point the Court will be able to assess, on a concrete record, whether any expedited discovery is warranted and, if so, how it should be tailored. Amazon is available at the Court's convenience should Your Honor wish to hear argument. We thank the Court for its attention to this matter.

Respectfully submitted,

*s/Liza M. Walsh*

Liza M. Walsh

cc: All counsel of record (via CM/ECF)